## Supreme Tent of the Knights of Maccabees of the World v. James A. King.

1. BENEFIT SOCIETIES—*Total Disability Defined.*—" Total and permanent disability to perform or direct any kind of labor or business means that the disability must not only be total, but that it must also be permanent so far as the ability to perform or direct any kind of business is concerned."

2. SAME—*Recoveries Under By-Laws Providing for Total Disabilities.*—A member of a benefit society who, while working at a machine, loses the fingers of his hand, the thumb not being injured, can not recover under a certificate providing that in case of permanent and total

disability he will be entitled to receive a part of the endowment as provided for by the laws of the order.

3. TOTAL DISABILITY—*What Is Not.*—A person who is able to perform or direct any kind of labor or business, is not totally disabled.

**Assumpsit**, on a certificate of a beneficiary society. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed. Opinion filed December 6, 1898.

STUBBLEFIELD & QUINLAN, attorneys for appellant.

NOVAK & NOVAK, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee became a member of the appellant order January 12, 1893, and received a certificate as such, in which it is recited in substance, that his legal beneficiary, Elizabeth King, his wife, will, on satisfactory proof of his death, be entitled to receive one assessment on the membership, not to exceed in amount the sum of $1,000, provided appellee shall have complied with the laws, etc., of the order governing members and beneficiaries. The concluding part of the certificate is as follows:

" In case of permanent and total disability, or upon attaining the age of seventy years, he will be entitled to receive such part of said endowment as provided in the laws of the order which are now in force, or which may hereafter be adopted by the Supreme Tent. In testimony whereof," etc.

Appellee was, by occupation, a stone and brick mason. July 12, 1895, while appellee was working with a machine, the machine, by reason of being out of repair, caught his right hand and destroyed the four fingers of the hand. The thumb was not injured.

Appellee claimed under a by-law of the order which provides as follows:

" Sec. 188. Any member holding a benefit certificate who shall become totally and permanently disabled from any cause, not the result of his own illegal act, to perform

or direct any kind of labor or business, or who shall arrive at the age of seventy years, and who has paid all legal dues and assessments since the date of his initiation to the date of such disability or period in life, shall be relieved from the payment of any further dues or assessments levied under these laws, or the by-laws of the tent of which he is a member, and shall be entitled to receive from the disability fund, annually, one-tenth part of the sum for which his benefit certificate is issued," etc.

That appellee paid all legal dues and assessments is not contested. It is obvious that appellee is partially disabled, and that his partial disability is permanent, but the question, the determination of which must be decisive of the case is, whether he can recover if not totally disabled. His certificate is that he will be entitled, etc., "in case of permanent and total disability," as provided in the laws of the order, and the by-law under which he claims is that "Any member holding a benefit certificate who shall become totally and permanently disabled from any cause   *   *   * to perform or direct any kind of labor or business   *   *   * shall be entitled," etc.

Appellee was not insured as a stone or brick mason, or with reference to any particular occupation or calling, but the decisions in cases in which the insurance was with reference to a particular occupation or calling are in point, in so far as they define total disability to perform the duties of the particular occupation or calling. The law in such cases is that the insured, in order to recover, must have been totally disabled to perform the duties of the occupation in reference to which he was insured. Bliss on Life Ins., 2d Ed., Sec. 403; Niblack on Ben. Societies, etc., Sec. 402; 4 Joyce on Ins., Sec. 3031.

The author last cited says: "Total and permanent disability to perform or direct any kind of labor or business means that the disability must not only be total, but that it must also be permanent so far as the ability to perform or direct any kind of business is concerned," citing cases. Ib., Sec. 3032.

"Total disability naturally means being totally disabled

from all kinds of business, unless by the contract the disability is to be only from the usual occupation of the assured." Bacon on Ben. Soc. & L. Ins. 395a.

In Hutchinson v. Sup. Tent K. M. of the World, 22 N. Y. Supp. 801, the court quoted the following from the constitution of the order : "A total and permanent disability to perform or direct any kind of labor or business, or reaching the age of seventy years, shall entitle a member holding a certificate of endowment, so disabled or aged, to the payment of one-half of the endowment to which he may be entitled," and said, in reference to the plaintiff's injury : "Ordinarily the loss of the fingers of the hand does not constitute total disability from the performance of 'any kind of labor or business,'" citing numerous authorities, after which the court further say : "We are, therefore, unable to see how the judgment can be sustained under the old constitution." The plaintiff, however, was held entitled to recover under an amendment to the constitution passed February 8, 1893, the constitution having been made, by his application, a part of his contract. In the present case neither appellee's application nor the constitution of the order was put in evidence.

See also, on the question of total disability "to perform or direct any kind of labor or business," 4 Joyce on Insurance, Sec. 3031, and cases there cited; Lyon v. Ry. Passenger Ins. Co., 46 Ia. 631. In U. S. Mut. Accdt. Ass'n v. Millard, 43 Ill. App. 148, the policy provided "That indemnity is to be paid for the loss of time resulting from bodily injuries which shall, independently of all other causes, immediately, wholly and continuously disable from the transaction of any and every kind of business pertaining to his profession as an attorney at law." The plaintiff's hand was so injured that he could not use it for twenty-six weeks. The evidence was that the plaintiff, during the time of the alleged disability, was at his office during business hours, advised clients, commenced suits, etc. The court held, Mr. Justice Phillips, now a justice of the Supreme Court, delivering the opinion, that the contract

must be construed as the parties made it, and that an injury which did not wholly and continuously disable the assured from the transaction of any kind of business pertaining to his profession, was not within the terms of the policy, and that the plaintiff's own evidence showed that the alleged injury did not so disable him.

In the present case, as in the case last cited, the plaintiff's own evidence shows that he was not totally disabled "to perform or direct any kind of labor or business." To entitle him to recover, he must have been so disabled.

On the trial there were admitted in evidence over the objection of appellant's counsel, a pamphlet, which appellee's attorney testified he received from a Mr. Downer, who appears to have been superintendent of the order within this State, and also what purported to be a list of claims paid by appellant. The pamphlet simply purports to convey information. It does not purport to contain any law of the order. The list of claims purports to show the payment of eight disability claims, among them, payment to one Joseph Hutchinson of $200, for the loss of the fingers of his right hand. It was error to admit these documents in evidence, and their admission, and especially the admission of the list of paid claims, was calculated to mislead the jury.

The court refused to give the following instruction asked by appellant's attorney :

" The jury are instructed that if they find from the evidence that the plaintiff is able to do, perform or direct any kind of labor or business, then their verdict will be for the defendant."

If the case should have gone to the jury at all, the instruction should have been given. Appellant's counsel also requested the court to submit to the jury this special interrogatory : " Is the plaintiff able to do any kind of labor or business whatever ? "

This was the vital question in the case, and we are of opinion that the court erred in not submitting it to the jury. We find no error in refusing to submit to the jury the other

special interrogatories in the record. The judgment was for $200. The suit, which was tried on appeal from a justice of the peace, was commenced December 19, 1896; the accident occurred July 12, 1895, one year, five months and some days before the commencement of the suit. By the by-law under which appellee claims, he was, if entitled at all to recover, only entitled to recover one-tenth of the endowment, namely, $100. The words of the by-law are, "Shall be entitled to recover from the endowment fund, annually, one-tenth part of the sum for which his benefit certificate is issued." "Annually" does not mean annually in advance.

There can be no recovery on the evidence in the record. The judgment will be reversed and the cause remanded.