HORACE BUCKNER v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY.

(Filed 19 December, 1916.)

**Insurance—Accident—Total Disability.**

A provision in an insurance policy that the insurer will pay a certain
sum when the insured has become wholly disabled by bodily injuries and
permanently, continuously, and wholly prevented thereby from pursuing
any and all gainful occupations, will be construed as expressed, and the
liability of the insurer thereunder will not be extended so as to include
a total disability of the insured to perform his trade or vocation when
other gainful occupations are still open to him.

ACTION tried at August Term, 1916, of BUNCOMBE, *Adams, J.*, pre-
siding, upon these issues:

1. Has the plaintiff become wholly disabled by bodily injuries, and
permanently, continuously, and wholly prevented thereby from pursu-
ing any and all gainful occupations, as alleged in the complaint?
Answer: "Yes."

2. Is the plaintiff entitled to recover of the defendant the sum of
$2,000, as alleged in the complaint? Answer: "Yes."

From the judgment rendered, defendant appealed.

*Mark W. Brown, Zeb F. Curtis for plaintiff.*

*Brooks, Sapp & Williams, Merrimon, Adams & Johnston for de-
fendant.*

BROWN, J. The plaintiff seeks to recover $2,000 on a policy of
insurance issued by defendant to plaintiff, containing the following
provisions: "Upon receipt of due proof of the total and permanent
blindness or deafness of the insured, or of the loss of both hands at or
above the wrist, or of the loss of both feet at or above the ankle, or of
the loss of one limb and one eye, or of the loss of one hand at or above
the wrist and of one foot at or above the ankle, or *that he has become
wholly disabled by bodily injuries,* loss of reason, or disease, and will
be permanently, continuously, and wholly prevented thereby from pur-
suing any and all gainful occupations, after one full annual payment
shall have been made and before a default in the payment of any subse-
quent premium, provided such total and permanent disability shall
occur before the insured attains the age of 60 years, the company by
indorsement in writing on this contract will, at the option of the
insured, either agree to pay, etc."

At the conclusion of the evidence defendant moved to nonsuit. The
motion was overruled and defendant excepted. The plaintiff was the

only witness examined, and testified, in substance, that on 26 December, 1915, he was oiling relief valves of an engine on which he was fireman and was shaken off the engine, which ran over and cut off his left hand 5 inches above the wrist. Plaintiff testified that he had not been able to do any work since the loss of his hand, but had chopped wood with one hand; had not been able to follow any occupation. On being asked, "What kind of work can you do now?" he replied, "What a man could do with one hand."

It is manifest that plaintiff cannot recover for the loss of one hand, for the company contracts to pay only for the loss of both hands or the loss of one hand and one foot. In 1 Cyc., 272, it is said: "But where the policy provides for the payment of a certain sum for the 'loss of one entire hand and one entire foot, or two entire hands or two entire feet,' it shows a distinct purpose to stipulate for the loss of two and not one limb, or part of two limbs, before a liability can accrue."

Recognizing this, plaintiff claims "that he has become wholly disabled by bodily injuries, and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations," and bases his right to recover on that clause of the policy. If the policy contained an agreement to pay in case plaintiff was totally disabled from following his *usual occupation* (as was the contract in many of the adjudicated cases), we should hold that he is entitled to recover upon the facts of this case.

But the evidence fails to disclose a total disability that will "permanently, continuously, and wholly" incapacitate plaintiff "from pursuing any and all gainful occupations.". The authorities are practically unanimous that under the terms of this policy plaintiff cannot recover without showing a bodily injury that will incapacitate him not only from following his usual avocation of fireman, but also from pursuing any other gainful occupation. The language is too plain and the meaning too unmistakable to permit an enlargement of the terms of the contract by construction. It is unfortunate for the plaintiff, but "it is so nominated in the bond."

In a similar case in a policy containing practically the same conditions, the Supreme Court of Georgia in *Whitton v. Ins. Co.,* 146 Ga., ......, said: "Under the precise terms of the contract sued upon, the insurer agreed to pay a certain sum in twenty equal installments of $50 each 'in the event of the total and permanent loss of sight of both eyes, or loss of both arms or both legs, or one arm and one leg, or one eye and one limb, of the insured,' or in the further event that the insured should become 'totally and permanently disabled to such extent as to render it impossible for him to engage in any gainful

occupation whatever.' The contract itself expressly declared that 'the total and permanent disability referred to must be such that there is neither then nor at any time thereafter any work, occupation, or profession that the assured can sufficiently do or follow to earn or obtain any wages, compensation, or profit.' The evidence showed the loss by accident of one eye by the plaintiff, and did not show that he was totally disabled within the meaning of that term as defined in the contract itself, since it appears that the plaintiff was not wholly unable to earn or obtain any wages, compensation, or profit. In view of the ruling above, the court did not err in awarding a nonsuit."

Mr. Cooley, after discussing various disability clauses, says: "The provision may limit total disability to the inability to carry on any and all kinds of business. Under such a clause the insured must be unable to perform not only the duties of his usual occupation, but the duties of any other occupation." 4 Cooley's Briefs, 3293, citing *Maccabees v. King,* 79 Ill. App., 145; *Lyon v. Ry. Passenger Assurance,* 46 Iowa, 631; *Maccabees v. Cox,* 25 Tex. Civ. App., 366.

In *B. and O. Assn. v. Post,* 122 Pa., 597, where the plaintiff suffered the same injury as the plaintiff in this case, the Court said: "The phrase 'total inability to labor' contained in the constitution and by-laws of an Employees' Relief Association means a total inability to earn a livelihood at any employment, and not at the particular employment at which the member was engaged at the time of his injury."

1st Cyc., 270, says: "Where the phrase, 'total inability to labor,' is used it is more inclusive, and means a total disability to earn a livelihood at any employment."

In *Rhodes v. Ins. Co.,* 5 Lansing, 77, the Supreme Court of New York says in a case similar to this: "While the policy is to be liberally construed, its provisions cannot be disregarded. To make the defendant liable, total disability to labor must be shown."

Mr. Joyce says: "Total disability and similar expressions in accident and benefit insurance ascertaining the meaning, reference must be had to the entire contract and the exact terms used. The words may necessitate that the assured should be so far disabled as to prevent his following any occupation or labor." Ins., sec. 3031. Mr. Joyce further said: "In an Ohio case, under a policy providing for periodical payments while insured is totally disabled and prevented from the transaction of all kinds of business, it is held that the contract should be enforced as it reads, and that the assured cannot recover because totally disabled for his own trade or business if he retains health, strength, and physical ability sufficient for the pursuance of any other vocation, whether he is conversant with the same or not." Sec. 3031.

Referring to the meaning of the words "wholly disabled," May on Insurance, sec. 522, says that the ability of the insured to engage in some business will prevent recovery unless the insured is disqualified to engage in any occupation.

Mr. Beech says, substantially, that "total disability" that would entitle a member of an insurance order to recover must be not only permanent but total, so as to render him unable to perform or direct any kind of labor or business. Ins., sec. 262.

Bacon says that "total disability" naturally means being totally disabled for all kinds of business, unless by the contract the disability is to be only from the usual occupation of the insured. Benefit Societies, sec. 395a.

These authorities and many others which we could cite establish conclusively that under the terms of the policy issued by the defendant the plaintiff is not entitled to recover, in the absence of evidence showing total disability to pursue any kind of gainful occupation.

The motion to nonsuit is allowed.

Reversed.