14042, 14060.　PARTEN, adm'r, *v.* JEFFERSON STANDARD LIFE INSURANCE COMPANY; and *vice versa.*

"A provision in an insurance policy that the insurer will pay a certain sum when the insured has become wholly disabled by bodily injuries and permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations, will be construed as expressed, and the liability of the insurer thereunder will not be extended so as to include a total disability of the insured to perform his trade or vocation when other gainful occupations are still open to him." Buckner *v.* Jefferson Standard Life Ins. Co., 172 N. C. 762 (90 S. E. 897).

The allegation in paragraph 7 of the petition, as to total disability, is a mere conclusion, in view of other allegations in the same paragraph.

DECIDED MAY 15, 1923.

Action on insurance policy; from Turner superior court — Judge Eve. September 8, 1922.

The Jefferson Standard Life Insurance Company issued to R. W. Parten a life-insurance policy containing a collateral agreement to make certain payments to the insured in the event of his "total and permanent disability." He was thrown from a mule which he was riding, "resulting in the breaking of the bones in [his] left leg, between the knee and ankle." After he had brought suit on the policy to recover on account of the injury he died, and the suit was so amended as to proceed in the name of his administrator. Demurrers to the petition were filed, among them a general demurrer which alleged that the petition set forth no cause of action, and a special demurrer to paragraph 7, on the ground that the allegations in that paragraph "are mere conclusions of the pleader." An amendment to the petition was allowed, after which an order was passed sustaining the demurrers "on all the grounds, general and special." The petition was dismissed, and the plaintiff excepted.

*A. S. Bussey, Adams & Hardy,* for plaintiff.

*Pope & Bennet,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The portion of the policy upon which plaintiff relies for a recovery, and which is pertinent to a determination of this case, is as follows: " *Total and permanent disability.* Upon receipt of due proof of the total and permanent blindness or deafness of the insured, or of the loss of both hands at or above the wrist; or of the loss of both feet at or above the ankle; or the loss of one limb and one eye; or the loss of one hand at or above the wrist and of one foot at or above the ankle; or that he has become wholly disabled by bodily injuries, loss of reason, or disease, and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations, after one full annual payment shall have been made and before a default in the payment of any subsequent premium, provided that such total and permanent disability shall occur before the insured attains the age of sixty years. The company by endorsement in writing on this contract will, at the option of the insured," etc. Two options are named, and to recover the amount of one of these the suit was brought. The main question for determination is whether or not the petition shows that the plaintiff has become " wholly disabled by bodily injuries, . . and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations."

In the application for this insurance it is stated that " any policy issued under this application shall be governed by the laws of the State of North Carolina." In *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (3, 3 *a*) (58 S. E. 93), it was held: " Parties are presumed to contract with reference to the place of the contract. If the contract is valid there, it is valid everywhere. The lex loci contractus controls as to the nature, construction, and interpretation of a contract. By comity, the laws of a sister State will be applied in the enforcement of any contract to be performed in this State, so long as such laws do not conflict with the statutes, powers, or rights, of this State, its well settled public policy, or the public conscience." See *Fountain* v. *Security Mutual Life Ins. Co.,* 20 *Ga. App.* 483 (93 S. E. 118). In the case of Buckner *v.* Jefferson Standard Life Ins. Co., 172

N. C. 762 (90 S. E. 897), the Supreme Court of North Carolina seems to have absolutely settled the principle involved in this case. The Buckner case was one in which the plaintiff sued the same defendant as in this case, on account of the loss of his left hand, which was cut off five inches above the wrist. In discussing the case Mr. Justice Brown said (p. 763) : " It is manifest that plaintiff cannot recover for the loss of one hand, for the company contracts to pay only for the loss of both hands or the loss of one hand and one foot. In 1 Cyc. 272, it is said: ' But where the policy provides for the payment of a certain sum for the " loss of one entire hand and one entire foot, or two entire hands or two entire feet," it shows a distinct purpose to stipulate for the loss of two and not one limb, or part of two limbs, before a liability can accrue.' Recognizing this, plaintiff claims ' that he has become wholly disabled by bodily injuries, and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations,' and bases his right to recover on that clause of the policy. If the policy contained an agreement to pay in case plaintiff was totally disabled from following his *usual occupation* (as was the contract in many of the adjudicated cases), we should hold that he is entitled to recover upon the facts in this case. But the evidence fails to disclose a total disability that will ' permanently, continuously, and wholly ' incapacitate plaintiff ' from pursuing any and all gainful occupations.' The authorities are practically unanimous that under the terms of this policy plaintiff cannot recover without showing a bodily injury that will incapacitate him not only from following his usual avocation of fireman, but also from pursuing any other gainful occupation. The language is too plain and the meaning too unmistakable to permit an enlargement of the terms of the contract by construction. It is unfortunate for the plaintiff, but ' it is so nominated in the bond.' " Applying the principle of the foregoing ruling to the facts of this case, it is clear that the petition does not show that the insured because of his injury became " wholly disabled " and was " wholly prevented thereby from pursuing any and all gainful occupations." See *Whitton* v. *American National Ins. Co.*, 17 *Ga. App.* 525 (87 S. E. 827).

It is true that the petition (par. 7), alleges that " during the continuance of said policy of insurance, on September 6, 1916,

petitioner became wholly disabled by bodily injury, and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations." However, this portion of the petition was demurred to as being a conclusion of the pleader, and the demurrer was properly sustained, in view of the paragraph of the petition which immediately follows, to wit: "That on the  day and year last aforesaid, in said county, the said Robert Walter Parten was seriously injured by being thrown by a mule which he was then and there riding, upon the ground with such force and violence as to cause the breaking of the bones in petitioner's left leg between the knee and ankle, and the injury thus caused to petitioner has failed to heal up, in that the bones so broken absolutely fail to unite; so that petitioner thereby has been rendered permanently, continuously, and wholly crippled, it being necessary for petitioner to wear a brace upon his said broken leg, and to use crutches or a crutch and stick for the purpose of walking." The loss of the use of a leg may prevent a person from a performance of the usual and necessary manual labor incident to farming " as a tenant or on shares," " such as plowing, picking cotton, pulling fodder and corn, driving, hauling, mowing, reaping, etc.," but he will not be " wholly prevented thereby from pursuing any and all gainful occupations." It follows that the plaintiff's allegation that he became " wholly disabled " and " wholly prevented from pursuing any and all gainful occupations " was a mere conclusion which was directly contradicted by the facts stated in the petition.

The foregoing ruling is decisive of the case, and it is unnecessary to discuss all the grounds of the demurrer. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*