## MARSHALL v. METROPOLITAN LIFE INS. CO. *

### No. 16202.

Court of Appeal of Louisiana. Orleans.

Dec. 16, 1935.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

James Wilkinson and Geo. M. Leppert, both of New Orleans, for appellee.

WESTERFIELD, Judge.

Brooks Marshall, claiming to be totally disabled as a result of an accident while employed by the Southern Pacific Company, brought this suit for $1,500 under a policy of group insurance issued by the Metropolitan Life Insurance Company to the Southern Pacific Company for the benefit of its employees. He invoked the provisions of Act No. 310 of 1910, which provide for certain penalties to be assessed against insurers arbitrarily refusing to pay losses due the insured. The case was defended upon the ground that the plaintiff was not totally disabled within the terms of the policy.

There was judgment below in favor of plaintiff for $1,500, no penalties being allowed. Defendant has appealed.

Plaintiff, an unskilled negro laborer, 56 years of age, was injured in November, 1928, when a drum of oil weighing 500 pounds fell on his left leg. His injuries, as they appeared on December 31, 1934, six years after the accident, are described by Dr. Muir Bradburn, in a report to the defendant on that date, as follows:

"Examination today shows impaired sensory disturbance of the distribution of the external popliteal nerve. The motor paralysis remains. This is evident in the foot drop and the very slight talipes equinovarus deformity. This is unlikely to be noticed, except when compared with the other foot, as there is in this case marked flat foot with beginning pronation. There is atrophy of ¾ of an inch just below the belly of the gastrocnemius group, atrophy of one inch at the level of the greatest circumference of the calf, and on the injured side there is atrophy of the thigh from ½ to ¾ inches. Atrophy of the thigh is present in nearly every case where there is any injury to the leg on the same side. Passive motion of the injured side is excellent at the knee. Voluntary motion, however, is present to not quite a right angle. There is but little motion at the ankle. The contraction of the gastrocnemius-soleus group of muscles (unopposed by the muscles supplied by the injured external popliteal nerve) have placed the foot in plantar flexion in which position it remains because of the almost complete ankylosis of the ankle.

"This man is unable to do laboring work. He is, however, able to hold a job as watchman."

We gather from the record that plaintiff's left leg is practically useless, so far as his ability to move around with anything approaching normal agility is concerned. It is conceded that he could not perform any laborious work, but it is insisted that in view of the phraseology of the total disability clause in the policy, he cannot be said to be so disabled as to entitle him to recover under it. The clause referred to provides for disability benefits when and if the insured "has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

If this clause is to be strictly construed, there could be no recovery in this case, or, for that matter, with very rare exception, in any case, for it is difficult to conceive of a condition in which a living human being would be totally unable to perform "any work for compensation or profit." If a person should suffer the loss of his arms and legs, his eyesight and his hearing, he might have his trunk conveyed to a busy street corner and make a little money by selling small objects, such as post cards, candy, or cigars. Defendant's counsel frankly recognize this situation, as the following quotation from their brief clearly indicates:

"We wish to make clear to the court that we are not contending that plaintiff must be in a state of utter helplessness and hopelessness before he can claim total and permanent disability benefits. As the United States Circuit Court of Ap-

peals for the Fifth Circuit said in the case of Metropolitan Life Insurance Company v. Foster, supra, 'total disability under this policy does not necessarily imply an incapacity to do any work at all, or that the person must be bedridden', and 'the work must be substantial and not trifling, amounting to a job, an occupation'. The blind man selling pencils on the street is none the less totally and permanently disabled within the meaning of the policy under consideration so as to be prevented by his disability from 'engaging in any occupation and performing any work for compensation or profit,' despite the fact that what he does may bring him a certain amount of financial return. But his remuneration is so inconsequential that it cannot be said that what he does 'amounts to a job'."

We are referred to a number of cases in other jurisdictions, some of which hold one way and some another: Metropolitan Life Ins. Co. v. Wann (Tex.Civ.App.) 28 S.W.(2d) 196; Buckner v. Jefferson Standard Life Ins. Co., 172 N.C. 762, 90 S.E. 897; Whitton v. American Nat. Ins. Co., 17 Ga.App. 525, 87 S.E. 827; Baltimore & Ohio Employees' Relief Ass'n v. Post, 122 Pa. 579, 597, 15 A. 885, 2 L.R.A. 44, 9 Am.St.Rep. 147; Supreme Tent, etc., v. King, 79 Ill.App. 145; Ursaner v. Metropolitan Life Ins. Co., 146 Misc. 121, 262 N.Y.S. 462; Arico v. Prudential Ins. Co., 241 App.Div. 826, 271 N.Y.S. 241; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; Metropolitan Life Ins. Co. v. Schneider (Ind.App.) 193 N.E. 690; Indiana Life Endowment Co. v. Reed, 54 Ind.App. 450, 103 N.E. 77; Equitable Life Assurance Society v. Wiggins, 115 Fla. 136, 155 So. 327. In some of these cases the clause in the policy differed somewhat from the one under consideration here.

In Manuel v. Metropolitan Life Ins. Co. (La.App.) 139 So. 548, 552, a case which involved the present defendant and the same provision relative to total disability, the question was whether a farmer who had contracted tuberculosis was totally disabled within the meaning of the policy. The court held that plaintiff should recover notwithstanding the fact that, as was shown during the trial of the case, there were many details connected with the farm which the plaintiff was able to undertake. For example, he could operate his farm by tenants working on a share of the crop and confer and advise with them. It was also shown that he was able to drive his automobile and take his family on pleasure trips. We quote the following from the opinion in that case:

"It seems to us that the defendant contends for a construction and enforcement that would render the policy provision in question of no practical benefit to an insured owning a farm and in the condition of the plaintiff. A policy stipulation that would so seldom become operative that it would be about as well as if left out of the policy altogether is not to be supposed came within the contemplation of the parties."

A writ of review was refused by the Supreme Court in the Manuel Case. It is to be presumed, therefore, that the opinion has the approval of our court of last resort.

In Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52, 54, the Supreme Court, in construing a similar clause, held that a laborer whose disability consisted of a wedged vertebrae and who, six months after the accident was declared by a physician to be neither permanently nor totally disabled, should recover, affirming the doctrine of the Manuel Case. The court said:

"In these circumstances, it would seem to be clear that plaintiff's injury is such as to require him, in the exercise of ordinary prudence, to refrain from the exactions of any fixed employment. And it would be a wholly unreasonable construction to hold that plaintiff's disability is not such as to bring his case within the meaning of the insurance contract. Such a construction, if adopted and enforced, would render an insurance policy of no practical benefit to an illiterate insured who earns his livelihood by hard manual labor and is in the physical condition that the plaintiff finds himself to be as the result of the accident. As was well said by the Court of Appeal, First Circuit in Manuel v. Metropolitan Life Ins. Co., 139 So. 548, 552 (writ refused in No. 31914 of this court, on June 20, 1932): 'A policy stipulation that would so seldom become operative that it would be about as well as if left out of the policy altogether is not to be supposed came within the contemplation of the parties.'"

In Boughton v. Mutual Life Ins. Co. of New York (La.Sup.) 165 So. 140, the

court held that a farmer, who suffered from a post-operative hernia which did not prevent his supervision of his 700-acre farm, but would not permit him to ride a horse, walk about the farm, or do manual work as he had been accustomed to, was totally disabled within the meaning of a policy which defined total disability as "any impairment of mind or body which continually renders it impossible for the insured to follow a gainful occupation." The holding in Crowe v. Equitable Life Assurance Society, supra, affirming Manuel v. Metropolitan Life Ins. Co., supra, was expressly affirmed.

See, also, Phillips v. Mutual Life Ins. Co. (La.App.) 155 So. 487; McBride v. Life & Casualty Ins. Co., 11 La.App. 263, 265; Carnelious v. Louisiana Industrial Life Ins. Co., 18 La.App. 739.

The insured in this case, an ignorant negro laborer, is wholly unable to do any laborious work. It is suggested that he might be a watchman. There is no doubt that he could watch any objects of value within his vision, but if it were necessary to move from place to place, Marshall would be unfit for the job. Generally speaking a one-legged man may not be totally disabled. Metropolitan Life Ins. Co. v. Wann, supra; Metropolitan Life Ins. Co. v. Barela (Tex.Civ.App.) 44 S.W. (2d) 494; Buckner v. Jefferson Standard Life Ins. Co., 172 N.C. 762, 90 S.E. 897; Jefferson Standard Life Ins. Co. v. Parten, 30 Ga.App. 245, 117 S.E. 772; Indiana Life Endowment Co. v. Reed, supra. But this particular plaintiff is practically dependent upon his legs in order to earn his living. Whatever may be the jurisprudence in other jurisdictions, in view of the decisions of our Supreme Court which we have cited and quoted, the plaintiff in this case must be regarded as totally incapacitated under the jurisprudence in Louisiana.

Our conclusion is that the judgment appealed from is correct.

█ It is strenuously contended that the penalties of Act No. 310 of 1910 should be imposed. That act provides, in part:

"That the insurance company guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy * * * during the period of delay, with attorney's fees to be determined by the tribunal before whom suit is instituted." Section 3.

Here we believe there is sufficient substance to the defense made to regard it as a just ground for defending the suit,

The judgment appealed from is therefore affirmed.

Affirmed.