## WHITE v. METROPOLITAN LIFE INS. CO.*

### No. 16062.

Court of Appeal of Louisiana. Orleans.
March 23, 1936.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

JANVIER, Judge.

Coleman White, a negro laborer, claims that in the year 1931, while he was insured under a group insurance policy issued by Metropolitan Life Insurance Company, he received an injury to his left leg as the result of which it became necessary that the said leg be amputated above the knee "at the lower third of the thigh." He alleges that the said injury resulted in his total per-

manent disability and he seeks judgment against defendant company in the sum of $2,000, the face value of the policy, maintaining that he is entitled to recover because of a clause in the policy which provides for disability benefits if the insured "has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

Defendant concedes that the loss of plaintiff's leg has resulted in serious impairment to his ability to earn a living, but maintains that, nevertheless, there are certain occupations in which he may engage, and contends that, therefore, it cannot be said that he "has become totally and permanently disabled * * * so as to be prevented * * * from engaging in any occupation and performing any work for compensation or profit."

In the district court there was judgment for defendant dismissing plaintiff's suit, and he has appealed.

In the case of Brooks Marshall v. Metropolitan Life Insurance Company, 164 So. 441, 442, we found a plaintiff who, as we said, was "an unskilled negro laborer," one of whose legs had been so severely injured that he had completely lost the use thereof. In that case we were called upon to construe the same policy provision which is now before us, and there we held that because of the fact that the claimant, during the whole of his life, had been an unskilled laborer, without education and without ability to earn a living except as the result of laborious work, the loss of his leg, in effect, permanently and completely disabled him, and we also held that the fact that there might be rare occupations at which, in some instances, •persons in his physical condition might earn a living, did not deprive him of his right to recover. The Supreme Court refused to grant a writ of certiorari in that matter, and thus stamped with its approval the reasons and the decree which we rendered.

But it is contended by defendant here that for two reasons this case may be distinguished from that of Brooks Marshall. First, because it is here shown that for a number of years prior to his employment by the railroad company by which he was employed at the time of the injury, plaintiff had been engaged in farming, which occupation, it is maintained, he may now re-

turn to; and, second, it is maintained that the plaintiff here, Coleman White, is in a better situation than was Brooks Marshall because Brooks Marshall's paralytic leg was not amputated, but remained as an additional hindrance to his engaging in any gainful occupation.

If Coleman White were not unskilled and untutored, but had risen to a position in life which would justify our assuming that he might be occupied on a farm as a time-keeper or as an overseer, or as a foreman or "straw boss," we might give considera-tion to the contention that his prior ability to earn a living at farming should be taken into consideration. But, even if such were the case, we would find it difficult to over-come the effect of the decision rendered in Manuel v. Metropolitan Life Ins. Co. (La. App.) 139 So. 548, 552, in which a farmer was held entitled to recover for total dis-ability in spite of the fact that he was able to drive his automobile and take his family on pleasure trips, and in spite of the fur-ther fact that it was shown that he might operate his farm by tenants working on a crop-sharing basis and might confer and advise with them. In that case the court, holding that the plaintiff was entitled to recover for total disability, said: "It seems to us that the defendant contends for a con-struction and enforcement that would ren-der the policy provision in question of no practical benefit to an insured owning a farm and in the condition of the plaintiff. A policy stipulation that would so seldom become operative that it would be about as well as if left out of the policy altogether is not to be supposed came within the con-templation of the parties."

The Supreme Court refused a writ in the Manuel Case, and as we said in the Mar-shall Case: "It is to be presumed, there-fore, that the opinion has the approval of our court of last resort." So even if Cole-man White's schooling and previous train-ing had been such as to lead to the belief that he might possibly engage to some ex-tent as an overseer, timekeeper, or foreman on a farm, we would, nevertheless, find con-fronting us the conclusion which was reached in the Manuel Case.

Nor do we see any distinction between this case and the Brooks Marshall Case re-sulting from the argument that here the complete amputation of the leg results in less interference with ability to work than did the paralysis which had affected the leg of Brooks Marshall. The reasoning which we adopted in the Marshall Case was not based on the fact that he was in a worse situation than would have been a laborer whose leg had been completely amputated, and we see no distinction which results from this fact. In either case the injured party could not engage in any laborious work and in both cases the injured party was unable, by reason of his lack of train-ing and lack of education, to do anything but laborious work.

■ Defendant contends also that, in any event, the amount payable to plaintiff for total permanent disability is not $2,000, but by the terms of the policy itself, is fixed at not more than $1,500. The record shows that there were two policies issued; one under which in a case of this kind the re-covery should be limited to $51.75 per month for 30 months, and the other and later policy from which it appears that re-covery would have been limited to $1,500. The later policy cannot be taken into con-sideration because the earlier policy was the one which was in force at the time of the accident and the time at which liability ac-crued.

The recovery to which plaintiff is entitled is $51.75 per month for 30 months.

■ The policy provides that the first monthly installment shall not be due until "receipt of due proof of total and per-manent disability." We are unable to find that due proof has ever been submitted, and, in the absence of such proof, we can do no more than accept the date of the fil-ing of the suit as the date on which the first installment became due.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Coleman White, and against the defendant, Metropolitan Life Insurance Company, in the sum of $51.75, with legal interest thereon from January 30, 1933, and for $51.75, additional on the 30th day of each subsequent month until 30 payments with legal interest from the maturity of each shall have been made, and for all costs.

Reversed.