MIDLAND MUTUAL LIFE INS CO v
COLEMAN et

Ohio Appeals, 2nd Dist, Preble Co

No 95.   Decided June 29, 1938

Arnold, Wright, Purpus & Harlor, Columbus, and Earl F. Morris, Trial Attorney for firm, for plaintiff-appellant.

John M. Karicofe, Eaton, for defendant-appellee.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Preble County, Ohio.

Plaintiff is a duly licensed life insurance company, with its principal place of business in the City of Columbus, Ohio. On June 19, 1919, it issued a policy of insurance in the acount of $1000.00 on the life of the defendant, Leo M. Coleman, which said policy contained provisions for special benefits in the event of the insured becoming permanently and totally disabled, as therein defined.

The policy defines total and permanent disability as follows:

"(a)   The entire and irrevocable loss of the sight of both eyes, or the severance of

both hands at or above the wrists, or both feet at or above the ankles or of one entire hand or one entire foot;

(b)   The total and permanent inability through bodily injury or bodily or mental disease on the part of the insured then and at any time thereafter to earn or obtain any wages, compensation or profit at any kind of work, occupation, business or profession."

In June, 1931, upon proof submitted, the insurance company approved the insured's claim under said provisions for such benefits and upon further proof from time to time furnished by the insured, the plaintiff paid to the insured the sum of $10.00 per month from June 13, 1931 continuously to and including June 13, 1936, and waived payment of premiums as provided in the policy.

On July 13, 1936, the insurance company discontinued said payments on the claim that the insured was not totally or permanently disabled, as defined under the provisions of the policy.

The insured did not agree to the conclusions of the insurance company that permanent and total disability no longer existed, and thereby a dispute arose and the insurance company files its petition, praying for a declaratory judgment.

Defendant's answer, duly filed, was in the nature of a general denial.

The cause came on for trial in the Common Pleas Court on July 29, 1937, followed by finding the judgment for the defendant.

Plaintiff duly filed notice of appeal on November 16, 1937.

The nature and extent of defendant's ailments and injury were presented through the evidence.   In 1922 defendant was a victim of asthma and on advice of his physician went west, hoping the change of climate would give him relief, and apparently it did.   On his return he again consulted his physician, and was found to be suffering from the effects of syphilis.   This trouble advanced to a stage of paresis, and for several years he was confined in the Dayton State Hospital for the Insane. After a period of three or four years, he was released from the hospital as cured, described by the physicians as complete remission.   During the time that he was confined in the Dayton State Hospital he suffered an injury to his right arm.   Examining physicians testified that the defendant gave them a history of a broken arm,

and that bandages thereafter placed on the arm brought about an infection.

Physicians from examining the x-ray plates, testified there was no evidence of fracture. The history obtained from the hospital indicated that defendant received a cut on the arm when engaged in a fight, and that the wound afterwards became infected. This injury was on the right arm above the elbow. Through non-use the arm and fingers became atrophied, so as to reduce the normal use to a degree variously estimated by the physicians at from 25 to 60%. This condition is probably permanent.

During the time that the defendant was in the Dayton State Hospital, the Probate Court appointed a guardian. The guardian has not been removed, although credible evidence is presented that there is no reason for a continuation of the guardian.

There was some evidence presented of continuing effects from the asthma, from which the defendant was a violent sufferer in 1922 and 1923. The trial court, in its written opinion, makes no reference to the asthma or its after effects as an element supporting the defendant's claim of total and permanent disability. We therefore assume the court's findings are not based in any extent on this element.

Apparently the court based its conclusion on the condition of defendant's right arm.

It is conceded that the trial court's opinion is at variance with the announcements in a long line of decisions in other jurisdictions and two unreported cases in Ohio. In many of the cited cases there had been an amputation of the arm. The trial court's opinion says that he is in thorough accord with the cited cases, including the two Ohio unreported cases, under the language used in the policies then under consideration but he holds that the language of the policy in the instant case defining total and permanent disability is entirely different. In other words, as we understand, the trial court would have no hesitation in finding for the plaintiff in the instant case but for the fact of this difference in the policies defining total and permanent disability.

We have very carefully analyzed the trial court's analysis of difference in language, as well as the same question discussed in the brief of counsel for the defendant, We are unable to find any difference in substance from the language in the instant case and the cited cases, including the two unreported Ohio cases.

Arriving at this conclusion, it can serve no useful purpose to quote from cited cases involving arm injuries in which the exact language of the policies was set forth. As to whether or not there is such variance in language as to warrant the distinction made by the trial court, can only be determined by a careful reading of all the cases in their entirety. For that reason we content ourselves with listing the cases which we have examined.

**John McSher v Equitable Life Insurance Society of the United States, Ashland County, unreported.**

Opinion by Sherick, J., November 27, 1936; Attached to plaintiff's brief.

**The Mutual Life Insurance Company of New York v Grimsley, Adams County, Ohio, unreported.**

Opinion by Middleton, J, November 15, 1933;

Copy attached to brief of counsel for plaintiff.

Miller v U. S., 294 U. S. 435; (39 Law Ed. 977);

Metropolitan Life Ins. Co. v Foster, 67 Fed. (2nd), 264;

Metropolitan Life Ins. Co. v Wann, 28 S W (2d), 196; (Texas, 1930).

U. S. v Ivey, 64 Fed. (2d, 653;

Buckner v Jefferson State Life Ins. Co., 9C SE, 897; (N. C. 1916).

Metropolitan Life Ins. Co. v Blue, 133 So. 707; (Ala. 1931).

Hogan v U. S., 59 Fed. (2d) 224; D. C. (Mass. 1922);

U. S. v Thomas, 53 Fed. (2d) 192;

Metropolitan Life Ins. Co. v Barela, 44 S W (2d) 494; (Texas, 1931).

Other cases discussing what constitutes total and permanent disability are the following:

Lumbra v U. S., 290 U. S. 551;

Porechel v U. S., 59 Fed. (2d) 648;

U. S. v McCreary, 61 Fed. (2d) 804;

Hurley v Bankers Light Co., 199 NW 243; (Iowa 1934);

Corsant v Equitable Life Ins. Soc. of the U. S., 211 NW 222; (Iowa 1926);

Cato v Aetna Life Ins. Co., 130 SE 787; (Ga. 1927).

Under the state of the record this court must hold that the defendant is not entitled at this time to receive the benefit provided by the policy for total and permanent disability. For this reason the judgment is reversed and judgment entered for plaintiff-appellant.

**HORNBECK and GEIGER, JJ, concur.**