Nelson ROBINSON, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 20285.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1964.

Rehearing Denied Feb. 21, 1964.*

Howard W. Lenfant, New Orleans, La., for appellant.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., Louis C. LaCour, U. S. Atty., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and DeVANE, District Judge.

PER CURIAM:

The question presented by this appeal is whether there was substantial evidence to support the Hearing Examiner's finding that appellant, whose disability was the loss of an arm, was not entitled to Social Security disability benefits on the ground that he was not totally and permanently disabled from engaging in any substantial gainful occupation.

---

* Judge DeVANE participated in the hearing of this case, but died before the opinion was written and before the petition for rehearing was filed.

Appellant, a laborer with an eighth grade education, had his right arm amputated through the shoulder after a tree had fallen on him. The operation was such that there was no support left for an artificial limb. Except for this amputation he is in good health. He worked as a self employed truck driver for a period, but stopped after he had a bad accident. Unable to find other work, he applied for Social Security benefits. His claim was denied after consideration at all administrative levels. He then sought review in the District Court. The trial judge found that the Administration's determination was based upon substantial evidence, and this appeal followed.

■■ It is undisputed in this record that the appellant's sole defect is the loss of one arm. After a careful examination of the record we find that the appellant is not permanently and totally disabled from engaging in "any" substantial gainful occupation. This Court has held the equivalent of this in Metropolitan Life Ins. Co. v. Foster, 5 Cir., 1933, 67 F.2d 264, 266. The test there was "total and permanent disability":

> "The evidence shows, *and it is common knowledge,* that a man with only one arm or leg, if not otherwise incapacitated, may do much valuable work and engage in many gainful occupations, and there are many cases so holding. Metropolitan Life Ins. Co. v. Wann (Tex.Civ.App.) 28 S.W.(2d) 196; Metropolitan Life Ins. Co. v. Barela (Tex.Civ.App.) 44 S.W.(2d) 494; Buckner v. Jefferson Standard Life Ins. Co., 172 N.C. 762, 90 S.E. 897; Hurley v. Bankers' Life Co., 198 Iowa, 1129, 199 N.W. 343, 37 A.L.R. 146; Jefferson Standard Life Ins. Co. v. Parten, 30 Ga.App. 245, 117 S.E. 772; Ind. Life Endowment Co. v. Reed, 54 Ind.App. 450, 103 N.E. 77." [Emphasis added.]

■ The question in Social Security cases relates to whether a man can work, and not whether he can find a job in the area. See e. g., Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989; Hicks v. Flemming, 302 F.2d 470.

Affirmed.

[DeVANE, J., participated in the hearing of this case, but died before this opinion was written.]