Leoncio Torres GONZÁLEZ, Plaintiff,

v.

**SECRETARY OF HEALTH, EDU-
CATION, AND WELFARE,
Defendant.**

**Civ. No. 16–69.**

United States District Court,
D. Puerto Rico.

Sept. 24, 1971.

Julio Williams Andino, Santurce, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty. Depart. of Justice, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

FERNANDEZ–BADILLO, District Judge.

This plaintiff is before the Court seeking review of the decision of the Secretary of Health, Education and Welfare, denying an application for disability benefits under the provisions of the Social Security Act, as amended, under 42 U.S.C.A. 216(i) and 223.

Plaintiff asks the Court to decide whether, from the record as a whole, the decision of the Secretary of Health, Education and Welfare that plaintiff failed to establish that he was unable to engage in any substantial gainful activity, is supported by substantial evidence.

On March 6, 1970 the case was remanded to the hearing examiner, by order of this Court, with the instruction that the examiner consider and determine the rehabilitation issue due to the fact that the court at that time considered that the record before the court was incomplete on the rehabilitation and therapy aspect.

Defendant having filed the transcript of the evidence adduced pursuant to the

order to remand of March 6, 1970, this Court is fully advised in the premises.

The applicable law is the following:

The term "disability", as it applies to this case, is defined in sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. 416(i) and 423, to mean:

"(d) (1)  *  *  *

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;  *  *  *

"(2)  *  *  *

(A) an individual  *  *  *  shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  *  *  *

"(B)  *  *  *

"(3)  *  *  *  a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." [1]

■ In order to be entitled to a period of disability under section 216(i), 42 U.S.C.A. 416(i), and to disability insurance benefits under section 223 of the Act, 42 U.S.C.A. 423, plaintiff had to establish that he was under a disability, as quoted above, which commenced at a time when he met the special insured status requirements of the above sections.

Plaintiff meets the special insured status requirements through the quarter ending September 30, 1970. Therefore, on the basis of his application of December 14, 1967, plaintiff must establish that he was under a disability which commenced prior to November 14, 1968, when the final decision of the Secretary was rendered in this case.

The issue before this Court in this action is whether or not the final decision of the Secretary is supported by substantial evidence.

■ Plaintiff alleges that he has been unable to work since November 1967 because of amputation of his left arm. Plaintiff has the burden of proving that he was under a disability as defined by the Act, 42 U.S.C.A. 416(i), Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962), although this burden need not be carried beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964). The Secretary does not have the burden of making an initial showing of nondisability. Justice v. Gardner, 360 F.2d 998 (6 Cir. 1966).

The medical evidence of record shows that plaintiff had his left arm amputated below the elbow in November 1967. The evidence further shows that plaintiff has no other impairment. Although there is evidence that plaintiff may have to have further surgery performed before he will be able to be fitted with a useful prosthesis there was testimony by a vocational witness that there were a number of jobs in the local economy which plaintiff could perform even without the prosthesis.

The newly received evidence indicates that an attempt was made by Vocational Rehabilitation to fit the claimant with a prosthesis without additional surgery. He was requested to report to the Rehabilitation Center on April 7, 1969, and to be prepared to remain for a 2 or 3

1. This portion of the definition of disability amended by section 158(b) of Public Law 90–248 was made applicable to pending civil actions by section 158(e) of Public Law 90–248.

weeks for physical therapy to his stump and shoulder. However, on May 1, 1969, it was determined that the claimant could not be fitted with a functional prosthesis and he was discharged from physical therapy.

Subsequent to this, Vocational Rehabilitation assisted the claimant in opening up a bar and cafeteria business by purchasing fixtures, equipment, furniture, etc. Exhibit 19 of the Supplemental Transcript, dated June 30, 1970, indicates that the claimant was successfully operating his bar-cafeteria and that his income was about $50 per week. A report of contact dated September 11, 1970 indicates that the claimant had an excellent business location and was operating the business by himself with no apparent difficulty.

■ The record establishes that the claimant's impairments consist of an amputation of the left forearm below the elbow, and some restriction of motion of the left shoulder and elbow. Section 404.1502(a) of Social Security Regulations No. 4, (20 CFR 404.-1502(a)) provides, as pertinent here, that medical considerations alone justify a finding that an individual is under a disability where his impairment is listed in the appendix to that subpart. The appendix to that subpart (Subpart P) lists under section 1.09 as pertinent here, the amputation of both hands; both feet; or one hand and one foot, as being impairments of a level of severity to preclude an individual from engaging in any gainful activity. Clearly, the claimant's impairments do not meet or equal the level of severity of the listed impairments.

Moreover, numerous courts have held that the loss of an arm or a leg is not disabling. In Robinson v. Celebrezze, 326 F.2d 840 (5th Cir., 1964), a claimant had his right arm amputated through the shoulder after a tree had fallen on him. The operation was such that there was not support left for an artificial limb. The court found that the appellant was not permanently and totally disabled from engaging in any substantial gainful occupation, citing from Metropolitan Life Insurance Company v. Foster, 67 F.2d 264 (5th Cir., 1933), as follows:

"The evidence shows, *and it is common knowledge*, that a man with only one arm or leg, if not otherwise incapacitated, may do much valuable work and engage in many gainful occupations, and there are many cases so holding. Metropolitan Life Ins. Co. v. Wann, (Tex.Civ.App.) 28 S.W.2d 196; Metropolitan Life Ins. Co. v. Barela, (Tex.Civ.App.) 44 S.W.2d 494; Buckner v. Jefferson Standard Life Ins. Co., 172 N.C. 762, 90 S.E. 897; Hurley v. Bankers' Life Co., 198 Iowa 1129, 199 N.W. 343, 37 A.L.R. 146; Jefferson Standard Life Ins. Co. v. Parten, 30 Ga.App. 245, 117 S.E. 772; Ind. Life Endowment Co. v. Reed, 54 Ind.App. 450, 103 N.E. 77.' (Emphasis added.)"

The claimant had his arm amputated on November 19, 1967, and he was discharged from the hospital on December 7, 1967. The amputation was caused by a trauma and not due to any underlying systemic disorder. Except for this amputation he is in good health. Subsequently, he received some physical therapy and an unsuccessful attempt was made to fit him with a prosthesis. With some aid from Vocational Rehabilitation he is presently engaging in substantial gainful activity as the operator of a bar-cafeteria.

A careful review of the entire record reveals that at the time the claimant was discharged from the hospital with his stump healed on December 7, 1967, he was able to work as an employee or as a self-employed person doing the same type of work as he is presently doing.

Plaintiff is able to engage in substantial gainful activity. Johnson v. Gardner, 284 F.Supp. 230 (C.D.Cal.1968).

It is therefore ordered that the action be and it is hereby dismissed.

It is so ordered.