A. J. BRINSON v. JEFFERSON STANDARD LIFE INSURANCE COMPANY, THE UNION CENTRAL LIFE INSURANCE COMPANY, and THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA.

(Filed 21 March, 1928.)

**Insurance — Disability Clauses — Evidence Held Sufficient to Overrule Motion of Nonsuit.**

Under the terms of a policy of insurance providing for payment to the insured of certain sums of money in the event of his becoming wholly disabled by bodily injury or disease so as to render him permanently, continuously incapable of pursuing any and all gainful occupation: *Held,* the evidence in this case sufficient to sustain the verdict in favor of the insured, and overrule the defendant's motion as of nonsuit. *Buckner v. Insurance Co.,* 172 N. C., 762, cited and distinguished.

APPEAL by defendants from judgment of *Harris, J.,* at January Term, 1928, of DUPLIN. No error.

Actions to recover upon policies of insurance issued to plaintiff by the above-named defendants were, by consent of all parties, consolidated for the purpose of trial and judgment.

Each of said policies contains a provision, by the terms of which defendant agrees to pay to plaintiff certain sums of money, as stipulated

therein, upon receipt of due proof that plaintiff has become wholly disabled by bodily injuries, loss of reason or disease, and will be permanently, continuously and wholly prevented thereby from pursuing any and all gainful occupations.

Plaintiff alleges that each of the defendants is liable to him by reason of the terms of said provision; this allegation is denied. There is no controversy as to the amount which plaintiff is entitled to recover of each defendant, if he has become, as he alleges, wholly disabled by bodily injuries or disease, and if he is permanently, continuously and wholly prevented thereby from pursuing any and all gainful occupations.

The issues submitted to the jury were answered as follows:

"1. Has the plaintiff, since 9 November, 1925, become wholly disabled by bodily injuries or disease, and will he be permanently, continuously and wholly prevented thereby from pursuing any and all gainful occupations as alleged in the complaint? Answer: Yes.

"2. If so, in what amount is the defendant, Jefferson Standard Life Insurance Company, indebted to plaintiff? Answer: $200.

"3. If so, in what amount is the defendant, Pacific Mutual Life Insurance Company, indebted to plaintiff? Answer: $966.66.

"4. If so, in what amount is the defendant, Union Central Life Insurance Company, indebted to plaintiff? Answer: $1,933.33."

From judgment on the verdict, that plaintiff recover of each defendant the amount of its indebtedness to him, as found by the jury, defendants appealed to the Supreme Court.

*Gavin & Boney, R. D. Johnson and Joseph E. Johnson for plaintiff.*
*Brooks, Parker, Smith & Wharton and Beasley & Stevens for defendants.*

CONNOR, J. The policies of insurance, upon which plaintiff seeks to recover in this action, were issued to him by the defendants herein, prior to 9 November, 1925, the day on which plaintiff sustained bodily injuries as alleged in his complaint. They were all in full force and effect on said day. Under provisions contained in said policies, defendants are liable to plaintiff for the amounts determined by the jury, if the plaintiff, as he alleges, became wholly disabled, on 9 November, 1925, by bodily injuries or disease, and since said day has been permanently, continuously and wholly prevented thereby from pursuing any and all gainful occupations.

Defendants assign as error the refusal of the court below to allow their motion, at the close of the evidence, for judgment dismissing the action as upon nonsuit.

In support of this assignment of error, defendants cite and rely upon *Buckner v. Insurance Co.,* 172 N. C., 762. The policy of insurance in

that case contained the identical provision as that contained in the policies upon which plaintiff in this action seeks to recover. In that case plaintiff, a fireman on a locomotive engine, while his policy was in full force, lost his left hand, as the result of an accident. He testified that he had not been able to do any work since he lost his hand, and that the only work which he could do was such as could be done by a man with only one hand. It was held that he could not recover upon the policy, for although the evidence tended to show that he was prevented, by the loss of his hand, from pursuing the occupation of a fireman, it failed to disclose a total disability to pursue any and all gainful occupations. It is said in the opinion: "The authorities are practically unanimous that under the terms of this policy plaintiff cannot recover without showing a bodily injury that will incapacitate him not only from following his usual avocation of fireman, but also from pursuing any other gainful occupation. The language is too plain and the meaning too unmistakable to permit an enlargement of the terms of the contract by construction. It is unfortunate for the plaintiff, but 'it is so nominated in the bond.' "

The instant case, however, is readily distinguishable from *Buckner v. Insurance Co.* In that case, the bodily injury sustained by the plaintiff resulted only in the loss of a hand; there was no evidence tending to show that plaintiff's health had been injuriously affected by his bodily injury. Notwithstanding the loss of his hand, which prevented him from pursuing the occupation of a fireman, plaintiff was able, both physically and mentally, to pursue other gainful occupations, such as a man with only one hand could pursue. In this case, however, the evidence tends to show that plaintiff, as the result of his bodily injury, has lost not only the use of his hand and arm, but also that of his leg; and, further, that in addition to his bodily injuries, resulting directly from the accident, plaintiff has suffered and is now suffering from a disease, which incapacitates him from pursuing not only his occupation as a farmer, but also any other gainful occupation, in which effort, either physical or mental is required. The decision of this Court upon defendant's appeal in *Lee v. Insurance Co.,* 188 N. C., 538, fully sustains the ruling of the court below upon the motion for judgment as of nonsuit. See, also, *Taylor v. Southern States Life Insurance Co.,* 106 S. C., 356, 91 S. E., 326, L. R. A., 1917C, 910.

Defendants' assignments of error, based upon exceptions to the admission of evidence, in behalf of plaintiff, cannot be sustained. They present no questions which require discussion. We find no error in the rulings of the court to which defendants excepted. The judgment is affirmed. We find

No error.