H. L. TAYLOR, TRUSTEE, G. H. ROBINSON AND TUCKER-KIRBY COM-
PANY, v. HOME INSURANCE COMPANY, AND J. J. MISENHEIMER.

(Filed 27 April, 1932.)

1. **Insurance M e—Insurer held to have waived right to demand proof of loss.**

    Under the facts of this case and the theory of trial in the lower court the insurer is held to have waived its right to demand proof of loss by the insured.

2. **Insurance E b—Act of mortgagor in taking out additional insurance does not ipso facto reduce prior insurance held by mortgagee.**

    The subsequent act of the owner and mortgagor in taking out additional insurance protecting his interest alone, done without the knowledge or consent of the mortgagee, does not, *ipso facto*, reduce proportionately the amount of prior insurance held by the mortgagee on the same property under a New York Standard Mortgage Clause.

3. **Appeal and Error J e—New trial will not be granted where appellant could not benefit thereby.**

    A new trial will not be granted where the appellant could not be benefited thereby or the result of the judgment changed.

APPEAL by defendant Home Insurance Company, from *Warlick, J.,* at February Term, 1932, of UNION. Affirmed.

This is an action to recover of defendant Home Insurance Company, on a policy of insurance. In the court below by consent of plaintiffs and defendant Home Insurance Company, a jury trial was waived and

it was agreed that the court could find the facts, and from the facts so found, declare the law and enter judgment in accordance therewith. This the court did, and the judgment rendered is as follows: "Wherefore, in accordance with said findings of fact and conclusions of law, it is considered, ordered, adjudged and decreed by the court that the plaintiff, H. L. Taylor, trustee, recover of the defendant, the Home Insurance Company, the sum of $1,150, with interest thereon from 21 July, 1930, for the use and benefit of G. H. Robinson, and the sum of $1,000, with interest thereon from 21 January, 1930, for the use and benefit of Tucker-Kirby Company, and the costs of this action to be taxed by the clerk."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Vann & Milliken for plaintiffs.*
*John M. Robinson and Hunter M. Jones for defendant.*

CLARKSON, J. The defendant, Home Insurance Company, prays the court to decide: (1) That the plaintiffs should be nonsuited for failure to prove due filing of proofs of loss. (2) If the plaintiffs should not be nonsuited, that the judgment should be modified by reducing the recovery to $1,200. We think the findings of fact in the court below, which were supported by the evidence, are such that the contentions above set forth by the defendant Home Insurance Company, cannot be sustained.

Defendant contends that plaintiff proved neither due filing of proof of loss nor waiver thereof. We think the theory on which the case was tried and the undisputed facts constitute a waiver of the filing of proofs of loss.

In *Mercantile Co. v. Insurance Co.,* 176 N. C., 545, the law is thus stated: "The defendant denied liability and refused to pay the loss. This is a waiver of the right to demand proof of loss and the denial of liability dispenses with the necessity of filing such proof. *Gerringer v. Insurance Co.,* 133 N. C., 407; *Parker v. Insurance Co.,* 143 N. C., 343; *Lowe v. Fidelity Co.,* 170 N. C., 446."

Does the subsequent act of an owner or mortgagor in taking out additional insurance without the knowledge or consent of the mortgagee to protect alone his interest in mortgaged property, *ipso facto,* reduce proportionately the amount of prior insurance held by a mortgagee or trustee of the same property under a New York Standard Mortgage Clause? We think not. *Bennett v. Provident Fire Insurance Co.,* 198 N. C., 174, 72 A. L. R., 275.

In *Booth v. Hairston,* 193 N. C., at p. 281, is the following: "Our system of appeals is founded on public policy and appellate courts will not encourage litigation by granting a new trial which could not benefit the litigant and the result changed upon a new trial, and the non-granting was not prejudicial to his rights." The judgment of the court below is

Affirmed.