ADA STORY HUNT, Administratrix of E. W. HUNT, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 29 June, 1932.)

1. **Death B d—Evidence that death resulted from negligence of defendant held sufficient to be submitted to the jury.**

   Where there is evidence that a mail crane used to take bags of mail aboard train without its stopping had been allowed to become in a state of disrepair, causing a mail clerk to fall therefrom while performing his duties, and there is evidence that the clerk's health was good theretofore but that subsequently he was not able to work and that he died several months thereafter, and declarations of the clerk made after the accident that his fall had injured his back are admitted in evidence: *Held*, in an action against the railroad company owning the mail crane, the evidence is sufficient to be submitted to the jury although there was evidence contra that the clerk died of pellagra and that his back was not injured in the fall.

2. **Appeal and Error F a—Where ruling of court is not assigned as error the question will not be considered on appeal.**

   The refusal of the court to strike out evidence admitted on the trial will not be considered on appeal where the refusal to grant the motion to strike out has not been assigned as error by the appellant.

CIVIL ACTION, before *Harris, J.*, at October Term, 1931, of VANCE.

The plaintiff alleged and offered evidence tending to show that E. W. Hunt was employed by the United States Government to carry mail from the post office at Greystone, North Carolina, to a mail crane owned and operated by the defendant. The mail crane is operated by two levers. A person desiring to operate the crane stood on a platform and took hold of the lever arm and raised it up. The two arms are connected so that when you raise one you pull the other one down. A witness said: "You hitch the mail on the top one and pull it down and hook the sack on the bottom one." The platform is about five feet from the ground and is made of casting and is about 8½ by 14 inches. The platform had no railing and was fastened to a wooden base by bolts. On 30 July, 1929, the deceased took the mail and carried it to this crane for the purpose of placing it there so that the mail train of defendant could take the mail sack from the crane without stopping the train. A witness testified: "When you step on the platform it would tilt toward the track, and when you pulled the arm down it would tilt more. . . . On 30 July, 1929, it was in exactly the same condition it had been in for several months. I had been using it off and on during that time. . . . Anybody that got up on it could notice the tilting—that it leaned a little bit." Another witness said: "The platform had been in a rickety condition for sometime. The bolts were loose in the platform and it was cracked. The platform was cracked or broken. . . . Anybody could see it would tilt if he got on it. . . . The platform was broken and bolts loose and shackly too." The evidence tended to show that the plaintiff fell from the platform upon the track below. When he was brought home immediately after falling the deceased said to his wife: "This has got me. I will never get over it. I am going to die." When asked what he was talking about, he said: "he fell, that he was hanging the mail on the crane and hooked it at the top, and the platform tilted, the lever jerked out of his hand, and he fell across the railroad irons kinder sideways and hurt his back, and he could not walk."

There was evidence that prior to the injury plaintiff was a steady worker and in good health, and that after the injury he was never able to work or to walk. He died on 16 December, 1929. There was evidence offered by the defendant tending to show that there was no injury to plaintiff's back and that he died of pellagra.

At the close of all the evidence a motion for nonsuit was sustained and the plaintiff appealed.

*Charles B. Aycock, M. C. Pearce and Thos. W. Ruffin for plaintiff.*
*Murray Allen for defendant.*

BROGDEN, J. There was evidence tending to show: (1) that the plaintiff in the discharge of contractual duties fell from the platform of defendant while thereupon for the purpose of attaching a mail sack to the crane provided for such purpose; (2) that the platform was defective in that the bolts were loose causing it to tilt, and that such defective condition had existed for a substantial period of time; (3) that the fall from the platform occasioned injury to the plaintiff; (4) that prior to the fall plaintiff was in good health, and subsequent thereto was never able to walk or work.

The only evidence tending to show that the plaintiff fell from the platform was his declaration when he was carried home. He lived several months after the declaration. There was uncontradicted evidence to the effect that his back was not injured. His declaration was admitted presumably upon the theory that it was a dying declaration. While the record shows that there was a motion to strike out the declaration and such motion was overruled, there is no assignment of error for such ruling, and, therefore, the same is not considered. See *Howard v. Wright,* 173 N. C., 339, 91 S. E., 1032.

The evidence, viewed with that liberality which the law requires upon motions of nonsuit, was sufficient to be submitted to the jury, and as a new trial will result, it is deemed inadvisable to discuss the various questions debated in the briefs.

Reversed.