CLARENCE E. MITCHELL v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 24 January, 1934.)

1. **Insurance M c :R c—**

   Evidence of insured's total disability and submission or waiver of due proof thereof held sufficient to be submitted to the jury.

2. **Insurance R c—Subsequent recovery does not preclude right of action on clause providing for presumably permanent total disability.**

   Insured brought action on a clause in a policy of life insurance providing for monthly payments to insured if he should become totally and presumably permanently disabled, and stipulating that disability should be presumed permanent when it had existed for a period of three months, and that when it had existed for such period the effective date for the

payment of disability benefits should be one month after continuous disability. Insured proved total disability for a period of sixteen and one-half months, and admitted his complete recovery thereafter. *Held,* insured was entitled to recover disability benefits for the period of disability, it being sufficient for recovery under the policy contract if insured should become totally disabled and such disability be presumably permanent under the provisions of the policy.

**3. Insurance E b—**

Where an insurance policy is reasonably susceptible of two interpretations, the one more favorable to the insured will be adopted.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1933, of WAKE.

Civil action to recover on a total and presumably permanent disability clause in a policy of life insurance.

Upon the payment of the first annual premium of $471.80, the defendant, on 28 May, 1930, issued to the plaintiff a $10,000 life insurance policy, containing, among other things, the following provisions:

"And further, if the insured before age 60 becomes totally and permanently disabled as defined in the total and permanent disability provision on the third page hereof, the society will, subject to the conditions of such provision, waive subsequent premiums and pay to the insured a disability income of one hundred dollars a month."

The provisions on the third page of the policy, referred to in the above clause, are as follows:

"Definition: For the purpose of this policy: (A) Disability is total when it prevents the insured from engaging in any occupation or performing any work for compensation of financial value, and (B) total disability is presumably permanent . . . (2) When it has existed continuously for three months—then from the date of the expiration of such three months."

Attached to the policy is a rider which provides:

"It is hereby agreed that when total disability has existed continuously for three months it will be regarded by the society as presumably permanent from the date of completion of one month of continuous total disability (herein called the effective date) notwithstanding subparagraph (2) of paragraph (B) of the provision for total and permanent disability benefits."

This suit was instituted 1 October, 1932, and the jury has found from the evidence offered on the hearing that the plaintiff, who is 46 years old, became totally disabled, within the meaning of the policy and while it was in force, on 1 January, 1931, which total disability continued until 15 May, 1932; that due proof of such disability was submitted to the defendant by the plaintiff as required by the terms of the policy; and that plaintiff was entitled to recover according to the terms of the presumably permanent disability clause.

Defendant appeals, assigning errors.

*J. M. Broughton for plaintiff.*
*S. Brown Shepherd for defendant, and Charles U. Harris of counsel.*

STACY, C. J. It may- be observed *in limine* that while the evidence on the issue of plaintiff's total disability from 1 January, 1931, to 15 May, 1932, and the submission or waiver of due proof thereof, is somewhat equivocal, nevertheless it is sufficient to carry the case to the jury so far as these questions are concerned. *Green v. Casualty Co.,* 203 N. C., 767, 167 S. E., 38; *Bulluck v. Ins. Co.,* 200 N. C., 642, 158 S. E., 185; *Metts v. Ins. Co.,* 198 N. C., 197, 151 S. E., 195; *Brinson v. Ins. Co.,* 195 N. C., 332, 142 S. E., 1; *Fields v. Assurance Co.,* 195 N. C., 262, 141 S. E., 743; *Lee v. Ins. Co.,* 188 N. C., 538, 125 S. E., 186; *Buckner v. Ins. Co.,* 172 N. C., 762, 90 S. E., 897; *Taylor v. Ins. Co.,* 202 N. C., 659, 163 S. E., 749; *Gerringer v. Ins. Co.,* 133 N. C., 407, 45 S. E., 773.

The defendant stressfully contends that whatever presumption of permanency of the disability may have existed prior to 15 May, 1932, it was clearly rebutted on that date by the plaintiff's recovery, and that his subsequent continued good health demonstrates it was only temporary and is therefore a bar to the present action. *Grenon v. Ins. Co.,* 52 R. I., 456. It will be readily conceded that the position of the defendant in this respect is unassailable, if the policy in suit only insures against disability which is both total and permanent. *Ginell v. Prudential Ins. Co.,* 237 N. Y., 554; *Ins. Co. v. Blue,* 222 Ala., 665; *Hawkins v. Ins. Co.,* 205 Ia., 760; *Shipp v. Ins. Co.,* 146 Miss., 18; *Brod v. Ins. Co.,* 253 Mich., 545; *Job v. Ins. Co.,* 22 (2d) Pac., 607.

But as we understand the clause in question, it insures the plaintiff not only against disability which is both total and permanent, but also against disability which is total and presumably permanent; and then defines what is meant by "presumably permanent." The rider attached to the policy provides that "when total disability has existed continuously for three months it will be regarded by the society as presumably permanent from the date of completion of one month of continuous total disability." Thus, the meaning of the policy is defined by its own terms, and it goes beyond total and permanent disability. *Bagnall v. Travelers' Ins. Co.,* 296 Pac. (Cal.), 106; *Dietlin v. Ins. Co.,* 14 Pac. (2d) (Cal.), 331; *Penn Mut. Life Ins. Co. v. Milton,* 160 Ga., 168, 127 S. E., 140, 40 A. L. R., 1382.

In this respect, the case of *Kurth v. Continental L. Ins. Co.,* 211 Iowa, 736, 234 N. W., 201, is practically on all-fours with the one at bar, and in dealing with the expression "presumably permanent," the Court said:

"As said before, the contingency insured against is: that the insured has been wholly disabled for a period of not less than 60 days, and that such disability so suffered is *presumably* permanent, and that he will be wholly and continuously prevented thereby from pursuing any gainful occupation. . . .

"The fact is that the use of the word 'presumably' in connection with 'permanent' is sufficient to destroy the idea that it was intended that the absolute certainty of the permanency and the absolute certainty of the continuance of the disability should prevail. The word 'presumably' is a comparative adverb, as used in this instance, and by its very nature precluded the idea of an absolute, lasting, or fixed condition. Its meaning is: fit to be assumed as true in advance of conclusive evidence; credibly deduced; fair to suppose; by reasonable supposition or inference; what appears to be entitled to belief without direct evidence. Webster's New International Dictionary. By the employment of this word 'presumably,' it is clear that there might be some question, at present or in the future, concerning the permanency and continuancy of the described disability. . . . The words, 'permanently' and 'continuously,' standing alone, would imply that the disability was a lasting and absolutely fixed condition; but when these words are taken in connection with the language used in other provisions of the contract, the only fair construction to be placed on such words is, not that the disability which has existed during 60 days must exist forever, but that such disability has existed for a period of not less than 60 days and by a fair presumption will continue for a future period. . . .

"It must, therefore, be held, as a matter of law, that the insured, under this contract, was required to furnish proofs only of the fact that he had been wholly disabled by bodily injury or disease for a period of not less than 60 days, and that such disability is presumably permanent, and that he will be presumably wholly and continuously prevented thereby from pursuing any gainful occupation."

The jury has found that the plaintiff was totally disabled from 1 January, 1931, to 15 May, 1932. Therefore, under the terms of the policy, when such disability exists continuously for three months, it is regarded as presumably permanent from the "effective date," and plaintiff is entitled to recover for such period. Totality of disability plus presumption of permanency is as much within the terms of the policy as total and permanent disability.

Speaking to somewhat similar provisions in the two policies before the Court in *Dietlin v. Ins. Co., supra, Spence, J.,* delivering the opinion, said:

"The presumption in the present case is not a creature of statute but is found in the agreement of the parties. We cannot assume that the parties merely intended that the presumption should be rebuttable. It

is more logical to assume from a reading of all of the disability provisions of the life policies that the parties intended, by creating the presumption, to definitely set at rest the question of whether a total disability continuing for not less than three months should be treated as 'permanent' within the meaning of the policies. While the clauses preceding indicate that the disability must be such as to 'prevent the insured then and at all times thereafter from engaging in any gainful occupation,' the clauses following clearly indicate that the company intended to assume liability in some cases until 'it appears that the insured has recovered so as to be able to engage in any gainful occupation.' The preceding clauses indicate the necessity of absolute permanency in order to render the company liable in any case while the clauses following indicate that absolute permanency is not always required. In between stands the clause in question, whereby the parties agreed that total disability existing continuously for not less than three months should be presumed to be 'permanent' within the meaning of the policies. We believe that a reading of all of these clauses indicates that the parties intended to create a conclusive rather than a rebuttable presumption to apply so as to entitle the assured to the disability benefits during the entire period that such total disability might continuously exist. At any rate these life policies issued by the company are reasonably subject to such construction and under the settled rule, any doubt or uncertainty must be resolved in favor of the assured."

Our own decisions are in full accord with the last sentence contained in the above quotation. *Bray v. Ins. Co.,* 139 N. C., 390, 51 S. E., 922; *Grabbs v. Ins. Co.,* 125 N. C., 389, 34 S. E., 503. If an insurance contract be reasonably susceptible of two interpretations, the courts will adopt the one more favorable to the assured. *Conyard v. Ins. Co.,* 204 N. C., 506, 168 S. E., 835. "The policy having been prepared by the insurers, it should be construed most strongly against them." *Bank v. Ins. Co.,* 95 U. S., 673; *Jolley v. Ins. Co.,* 199 N. C., 269, 154 S. E., 400; *Underwood v. Ins. Co.,* 185 N. C., 538, 117 S. E., 790.

A careful perusal of the entire record leaves us with the impression that the judgment should be affirmed. It is so ordered.

No error.