JOHN RICHARD BAKER v. THE ÆTNA LIFE INSURANCE COMPANY.

(Filed 28 February, 1934.)

1. **Insurance R c—Recovery may be had on total, permanent disability clause where suit is brought during disability presumed permanent under the policy.**

Insured brought suit on a policy providing for certain benefits if insured should become permanently and totally disabled. The policy provided that in the event total disability existed for a period of ninety days it should be presumed permanent. Insured furnished insurer proof of disability signed by a physician stating that insured had been disabled for a period of over 71 days, and that such disability would probably last for two or three weeks longer. On the trial insured offered evidence from which the jury found that he was totally and permanently disabled. *Held,* insured furnished evidence of total and presumably permanent disability, which the jury later found to be total and permanent, and such evidence was sufficient for a recovery under the terms of the policy.

2. **Insurance P b—**

Evidence of totality and permanency of disability held sufficient to be submitted to jury in this case.

APPEAL by defendant from *Barnhill, J.,* at November Term, 1933, of NASH.

Civil action to recover on a total and permanent disability clause in a policy of life insurance.

On 1 November, 1923, the defendant issued to plaintiff a $2,500 life insurance policy, containing, among other things, the following provisions:

"If the insured becomes totally and permanently disabled and is thereby prevented from performing any work or conducting any business for compensation or profit, . . . and satisfactory evidence of such disability is received at the home office of the company, the company will, if there has been no default in the payment of premiums, waive the payment of all premiums falling due during such disability after the receipt of such proof: . . .

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent within the meaning of this provision."

Plaintiff is a farmer, 43 years of age, and has been disabled by disease and thereby prevented from performing any work or conducting any business for compensation or profit since 1 August, 1931.

On 20 October, 1931, plaintiff mailed the defendant, on blank form furnished by it, proof of disability, signed by Dr. J. H. Martin, containing, among others, the following answers to questions:

"9. Date total disability began—1 August, 1931.

14. Does total disability now exist? Yes.

15. Does the doctor believe that the total disability will be permanent and that the insured will for life be unable to engage in any gainful occupation? (If not, how long does he believe that the total disability will exist?) Total disability for his work will probably last 2 or 3 weeks."

Upon the answer to the last question (15th), the defendant denied liability and declined to pay any disability benefits under the policy.

Suit was thereafter brought, and upon issues joined, the jury returned the following verdict:

"1. Did the plaintiff become totally and permanently disabled and was he thereby prevented from performing any work or conducting any business for compensation or profit? Answer: Yes.

"2. If so, on what date did such disability commence? Answer: 1 August, 1931.

"3. Was satisfactory evidence submitted to the defendant company at its home office that the plaintiff had become totally and permanently disabled, and was thereby prevented from performing any work or conducting any business for compensation or profit? Answer: Yes.

"4. If so, on what date was such evidence received? Answer: 21 October."

Judgment on the verdict, from which the defendant appeals, assigning errors.

*Cooley & Bone for plaintiff.*
*Murray Allen and R. Pearson Upchurch for defendant.*

STACY, C. J. Defendant contends that no satisfactory evidence of total and permanent disability was ever furnished by plaintiff; that Dr. Martin's report, instead of showing a permanent disability, disclosed a temporary disability; and that no liability has attached under the total and permanent disability clause contained in the policy in suit.

The doctor's report did show, however, that total disability began 1 August, 1931; that it still existed on 20 October, and that it would probably continue for two or three weeks longer. This was evidence of total disability for more than ninety consecutive days, which, under the terms of the policy, is presumed to be permanent: "If . . . the assured becomes totally disabled . . . for a period of ninety con-

secutive days, then if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent within the meaning of this provision."

We then have evidence furnished the defendant of a total and presumably permanent disability, which the jury later found to be total and permanent. *Fields v. Assurance Co.,* 195 N. C., 262, 141 S. E., 743. This is sufficient to entitle the plaintiff to recover under the terms of the policy. *Mitchell v. Assurance Society,* 205 N. C., 721. The case of *Ammons v. Assurance Society,* 205 N. C., 23, 169 S. E., 807, cited and relied upon by plaintiff as authority to the contrary, is easily distinguishable.

The evidence was amply sufficient to carry the case to the jury on the totality and permanency of plaintiff's disability. *Bulluck v. Ins. Co.,* 200 N. C., 642, 158 S. E., 185; *Misskelley v. Ins. Co.,* 205 N. C., 496, 171 S. E., 862. It differs materially from that appearing in *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E., 845, and *Buckner v. Ins. Co.,* 172 N. C., 762, 90 S. E., 897.

The verdict and judgment will not be disturbed on any of the exceptions presented by defendant's appeal.

No error.