ADDISON B. GUY v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 28 February, 1934.)

**1. Insurance R c—Evidence held sufficient to be submitted to jury in action on total and permanent disability clause in insurance policy.**

Where plaintiff's examination in chief and the testimony of other witnesses is sufficient to be submitted to the jury on the question of plaintiff's total and permanent disability under the provisions of the policy in suit, testimony elicited from plaintiff on cross-examination that he was able to direct his business for compensation and profit during the alleged disability does not justify a judgment as of nonsuit.

**2. Appeal and Error A f—**

On plaintiff's appeal from a judgment as of nonsuit defendant, asking no affirmative relief, may not test the competency of a witness's testimony should the nonsuit be reversed, by also appealing from the judgment, defendant not being the "party aggrieved." C. S., 632.

APPEALS by plaintiff and defendant from *Frizzelle, J.,* at February Term, 1933, of HARNETT.

Civil action to recover on a total and permanent disability clause in a policy of life insurance.

On 1 November, 1919, the defendant issued to the plaintiff a life insurance policy containing, *inter alia,* the following provisions:

"Six months after proof is received at the home office of the company, that from causes originating after the delivery of this policy the insured has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, if all premiums previously due hereon have been paid, the company will waive the payment of all premiums falling due thereafter under this policy during such disability.

"Also six months after such proof of disability occurring before the insured reaches the age of sixty is received, the company will pay to the insured a sum equal to the monthly installment provided on the first page hereof to be paid at the death of the insured and will pay the same amount on the same day of every month thereafter during the lifetime and during the permanent total disability of the insured."

Defendant admits that all premiums have been paid on said policy, and that the same was in full force and effect at the time total and permanent disability is alleged to have occurred.

Plaintiff's evidence tends to show that he is 59 years of age, a farmer by occupation, and has not been able to perform any of his duties as a farmer since September, 1931; that on 30 January, 1932, he furnished the defendant with proof of his disability, and that payment under the policy was declined.

Dr. A. T. Wyatt testified that he examined the plaintiff in May, 1932, and discovered that he had arthritis of the spine, from which he suffered great pain; that in his opinion the plaintiff will never get any better, but continue to grow worse, and that he will be totally and permanently disabled for life; that this condition existed at the date of his examination, and had existed for a year or two, or probably longer.

The defendant elicited on cross-examination of the plaintiff, and some of his witnesses, evidence to the effect that the plaintiff was able to direct his business of farming for compensation or profit during the year 1932, and upon this testimony, judgment of nonsuit was entered.

Both plaintiff and defendant appeal, assigning errors.

*Neill McK. Salmon and Dupree & Strickland for plaintiff.*
*Murray Allen for defendant.*

STACY, C. J. The evidence adduced on the plaintiff's examination in chief, and the testimony of his other witnesses, was sufficient to carry the case to the jury on the issue of plaintiff's alleged total and permanent disability within the meaning of the policy in suit. *Mitchell v. Assurance Society,* 205 N. C., 721; *Misskelley v. Ins. Co.,* 205 N. C., 496, 171 S. E., 862; *Green v. Casualty Co.,* 203 N. C., 767, 167 S. E., 38; *Bulluck v. Ins. Co.,* 200 N. C., 642, 158 S. E., 185. Compare *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E., 837; *Buckner v. Ins. Co.,* 172 N. C., 762.

The defendant, realizing the force and effect of Dr. Wyatt's testimony, also appeals and in this way seeks to test the competency of his evidence, should the judgment of nonsuit be reversed, citing as authority for the position *Hunt v. R. R.,* 203 N. C., 106, 164 S. E., 626. But a defendant, who asks for no affirmative relief, is not the "party aggrieved" by a judgment of nonsuit within the meaning of C. S., 632. *McCullock v. R. R.,* 146 N. C., 316, 59 S. E., 882. Nor does *Hunt's case* decide otherwise.

Plaintiff's appeal, reversed.

Defendant's appeal, dismissed.