GEORGE H. READ v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 2 May, 1934.)

**Insurance R c—Proof of disability temporary in nature is not sufficient for recovery on total and permanent disability clause in policy.**

Plaintiff brought suit on a clause in an insurance policy providing certain benefits if plaintiff should furnish due proof of total and permanent disability and that such disability had existed for three months. It was admitted at the trial that at the time of instituting the action plaintiff was totally disabled and had been so disabled for more than three months, but the only evidence as to the permanency of the disability was the certificate of plaintiff's physician that the disability was probably temporary and would be removed by operations on plaintiff's eyes for cataracts. *Held*, in the absence of evidence that such disability was at least probably permanent at the time of instituting the action, defendant's motion as of nonsuit should have been allowed.

APPEAL by defendant from *Hill, Special Judge*, at October Special Term, 1933, of MECKLENBURG. Reversed.

This is an action to recover the sum of $50.00, alleged to be due by the defendant to the plaintiff, under the provisions of a supplementary contract attached to and made a part of a policy of life insurance issued by the defendant to the plaintiff.

The action was begun in the court of a justice of the peace of Mecklenburg County, on 19 July, 1932, and was tried by said court on 19 August, 1932.

From judgment that the plaintiff recover of the defendant the sum of $50.00, and the costs of the action, the defendant appealed to the Superior Court of Mecklenburg County.

At the trial in the Superior Court, issues submitted to the jury were answered as follows:

"1. Did the plaintiff become totally and permanently disabled as a result of bodily injury or disease occurring and originating after the issuance of the policy sued on herein, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and did such disability continue uninterruptedly for a period of at least three months, as alleged in the complaint? Answer: Yes."

2. What sum, if any, is plaintiff entitled to recover of the defendant? Answer: $50.00."

From judgment that plaintiff recover of the defendant the sum of $50.00, with interest from 1 May, 1932, and the costs of the action, the defendant appealed to the Supreme Court.

*Shore & Townsend for plaintiff.*
*Cansler & Cansler for defendant.*

CONNOR, J. The supplementary contract attached to and made a part of the life insurance policy issued by the defendant to the plaintiff, provides that in consideration of the application for said contract, and the payment of the premium stipulated therein, annually, upon receipt by the defendant from the plaintiff of due proof (1) "that the insured has, while said policy and this supplementary contract are in full force and effect and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and (2) that such disability has already continued uninterruptedly for a period of at least three months," the defendant will, during the continuance of such disability, pay to the plaintiff the sum of $50.00, monthly.

It is further provided in said supplementary contract that "notwithstanding that proof of disability may have been accepted by the company as satisfactory, the insured shall at any time on demand from the company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years, the company will not demand such proof oftener than once in each subsequent year."

At the trial, it was admitted that the plaintiff was totally disabled from December, 1931, to September, 1933, on account of cataracts on his eyes, and therefore totally disabled at the date of the commencement of this action. It was further admitted, however, that the cataracts had been removed by operations on his eyes, and that the plaintiff is no longer totally disabled.

The only evidence offered by the plaintiff in support of his contention that his disability was not only total but also permanent was the certificate of the physician who performed the operations for the removal of the cataracts from his eyes. This certificate was filed with the defendant as proof of disability in accordance with the provisions of the supplementary contract. The last operation on plaintiff's eyes was performed by the physician on 8 March, 1932. The physician certified that plaintiff's disability was probably temporary, and that he would be able to resume his work probably within three or four months.

In the absence of evidence tending to show that plaintiff's disability on account of the cataracts on his eyes, was not only total, but also at least probably permanent, at the date of the commencement of this

action, there was error in the refusal by the court to allow defendant's motion for judgment as of nonsuit. See *Mitchell v. Assurance Society,* 205 N. C., 721, 172 S. E., 497, where the following quotation from *Metropolitan Life Insurance Co. v. Blue,* 222 Ala., 665, 133 So., 707, 79 A. L. R., 852, is approved:

"Appellee conceives that because the policy provides for payments to begin within three months after total disability intervenes, and because the insurer reserves the right to call for additional proofs from time to time, after accepting proofs of permanent total disability, the expression 'totally and permanently disabled' covers that disability for three months, or some other undefined period. Some authority for such construction is not lacking. But the great weight of authority is otherwise, and for good reason. 'Permanent' has a well known obvious meaning; is in contradiction to 'temporary,' so used in legal enactments as well as in contracts. The construction insisted upon would wipe out all distinction between 'temporary' and 'permanent' disability."

In the instant case, as in *Mitchell v. Assurance Society, supra,* "in the last analysis, it all comes to this; the policy covers a total and permanent disability. Plaintiff has shown a total and temporary disability. The disability shown by the plaintiff is not covered by the policy."

The motion for judgment dismissing the action should have been allowed. The judgment rendered on the verdict is

Reversed.