N. W. GENNETT, GUARDIAN, v. JEFFERSON STANDARD LIFE
INSURANCE COMPANY.

(Filed 28 January, 1935.)

**1. Insurance R c—Conflicting testimony on question of insured's disability held for jury.**

Testimony that insured was rendered wholly disabled by disease from following any occupation for remuneration or profit *held* sufficient to take the case to the jury in this action on a disability clause in a policy of life insurance, although the testimony of other witnesses was in sharp conflict.

**2. Same—**

An incurable disease requiring careful and close observation of a physician, and requiring that the patient refrain from the ordinary exactions of a fixed employment *is held* to have been within the contemplation of the parties as a permanent and total disability at the time the policies sued on were executed.

**3. Same—**

Attending school is not pursuing an occupation for remuneration or profit as a matter of law.

APPEAL by defendant from *Finley, J.,* at July Term, 1934, of BUN-COMBE.

Civil action to recover disability benefits on two policies of insurance, one $10,000 policy, issued 15 March, 1924, the other a $7,000 policy, issued 30 April, 1924, and both containing identical provisions, as follows:

"TOTAL AND PERMANENT DISABILITY.

"If after one full annual premium shall have been paid on this policy, and before default in the payment of any subsequent premium, the insured shall furnish to the company due proof that he has been wholly or continuously disabled by bodily injuries or disease and will be permanently, continuously, and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit, provided, that such total and permanent disability shall occur before the anniversary of the policy on which his age at nearest birthday is sixty years, the company, by endorsement in writing on this contract, will agree to pay (certain designated benefits—amounts not in dispute).

"If disability is total, but not obviously permanent, it shall be presumed to be permanent after continuous total disability for three months."

The plaintiff was ten years old at the time of the issuance of the policies in suit. Six years thereafter he became totally incapacitated from diabetes mellitus. In May, 1931, he filed due proof of total and

permanent disability.  Benefits were paid under said policies for two years and five months, or until September, 1933, when he entered the University of North Carolina as a student.

Upon denial of further liability, and issues joined, the jury returned the following verdict:

"1. Was plaintiff's ward, Nat W. Gennett, Jr., on 8 September, 1933, and thereafter up to the time of the commencement of this action totally and permanently disabled so that he was wholly and continuously disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit, as alleged in the complaint? Answer: 'Yes.'

"2. Has the plaintiff furnished to the defendant due proof of such total and permanent disability, as required by the policy and as alleged in the complaint?  Answer: 'Yes.'"

It was in evidence that, notwithstanding plaintiff's studentship, he was "subject to coma or insulin reactions," constantly under the care of a physician, and wholly unable to pursue any occupation whatsoever for remuneration or profit.

His roommate testified that he had spells of unconsciousness about once a week: "Sometimes he will have a reaction within three days and sometimes he will go a week or ten days without a reaction. . . . When he does run a reaction, there is a lapse of coma, perspiration breaks out, he gets sleepy and doesn't know what he is doing, unconscious.  Another time he gets crazy, doesn't know what he is doing. . . . Last week, during examinations, he had two reactions.  I mean reactions from insulin."

There was also expert medical opinion evidence in support of plaintiff's claim, and similar testimony, offered by defendant in opposition to his right to recover.

Judgment on the verdict for plaintiff, from which the defendant appeals, relying principally upon its exception to the refusal of the court to sustain its demurrer to the evidence.

*R. R. Williams and Cathey & McKinney for plaintiff.*

*Smith, Wharton & Hudgins, Harkins, Van Winkle & Walton, and John Izard for defendant.*

STACY, C. J., after stating the case:  The evidence was amply sufficient to carry the case to the jury.  *Guy v. Ins. Co.,* 206 N. C., 118, 172 S. E., 885; *Baker v. Ins. Co.,* 206 N. C., 106, 172 S. E., 882; *Misskelley v. Ins. Co.,* 205 N. C., 496, 171 S. E., 862; *Mitchell v. Assurance Society,* 205 N. C., 721, 172 S. E., 497; *Bulluck v. Ins. Co.,* 200

N. C., 642, 158 S. E. 185.   The witnesses differed sharply in their observations and conclusions.   This made it a matter for the twelve.

It will be observed that plaintiff's disability arises out of an incurable disease, diabetes mellitus, which calls for careful treatment and close observation, to prevent its progressing and causing death.   It is the part of wisdom, so his physician thinks, that plaintiff refrain from the ordinary exactions of a fixed employment to insure his living.   Such total and permanent disability, we apprehend, was reasonably within the contemplation of the parties when the policies in suit were written.   *Prudential Ins. Co. v. Faulkner,* 68 Fed. (2d), 676; *Mutual Benefit Health and Accident Asso. v. Mathis,* 142 So. (Miss.), 494.

The principle announced in *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E. 845, that one who receives $40 a month as a court crier cannot be regarded as wholly disabled "from pursuing any occupation whatsoever for remuneration or profit," is neither controlling nor applicable to the facts of the present record, for it cannot be said, as a matter of law, that attending school is pursuing an occupation for remuneration or profit. *U. S. v. Scott,* 50 Fed. (2d), 773.   Likewise, the cases of *Boozer v. Assur. Society,* 206 N. C., 848, and *Buckner v. Ins. Co.,* 172 N. C., 762, 90 S. E., 897, are distinguishable.

The case presents but little more than an issue of fact.   Upon sharply conflicting evidence, this has been found in favor of the plaintiff.   The rulings of the Superior Court are free from reversible error.

The other matters debated on briefs are not sufficient to affect the result.

Affirmed.